**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**RANDALL D. JONES D.D.S., P.A.,**
and a class of all other
similar situated persons                                                    **PLAINTIFFS**

            v.                     Civil No. 06-6043

**E-Z PAY SERVICES, INC., d/b/a**
**E-Z PAY DENTAL; ALTERNATIVE**
**DEBT PORTFOLIOS, LLC; and**
**ALTERNATIVE DEBT PORTFOLIOS, L.P.**                          **DEFENDANTS**

## O R D E R

Now on this 12th day of October comes on for consideration the **Motion To Dismiss Or, In The Alternative, To Transfer Venue By Alternative Debt Portfolios, LLC and Alternative Debt Portfolios, L.P.** (document #2), and from said motion, the response thereto, and the supporting documentation, the Court finds and orders as follows:

    1. Plaintiff Randall D. Jones D.D.S., P.A. ("Jones"), a professional association providing dental services in Arkadelphia, Arkansas, alleges that it entered into a contract with a Nevada corporation, E-Z Pay Services, Inc. d/b/a E-Z Pay Dental ("E-Z Pay"), pursuant to which E-Z Pay would collect patient accounts for Jones. Jones further alleges that E-Z Pay subsequently sold these accounts to Alternative Debt Portfolios, LLC, and Alternative Debt Portfolios, L.P. (collectively, "ADP"), and that neither E-Z Pay nor ADP is now remitting payments on these accounts. Jones claims that E-Z Pay is liable to it for breach of

contract; that ADP is liable to it for unjust enrichment, breach of contract, and breach of the duty of good faith and fair dealing; and that both E-Z Pay and ADP are liable to it for fraud and civil conspiracy.

2. In the pending motion, ADP contends that Jones' claims against it should be dismissed for want of personal jurisdiction, or, in the alternative, transferred to the United States Bankruptcy Court for the Middle District of Florida, where a Chapter 7 proceeding involving E-Z Pay is pending.

3. The rules of law governing personal jurisdiction are well stated in **Burlington Industries, Inc. v. Maples Industries, Inc.**, 97 F.3d 1100 (8th Cir. 1996):

> In a diversity action, a federal court may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state, and by the due process clause of the Fourteenth Amendment. We have previously recognized that the Arkansas long-arm statute authorizes jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process. Therefore, our inquiry devolves into the single question whether the exercise of personal jurisdiction comports with due process.
>
> Due process requires "minimum contacts between the non-resident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." The defendant's conduct and connection with the forum state must be such that defendant "should reasonably anticipate being haled into court there."
>
> We have established a five-factor test - the first three factors being of primary importance - to determine the sufficiency of defendant's contacts. We must determine: (1) the nature and quantity of contacts with the forum state; (2) the quantity of such contacts; (3) the

> relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. We have further elaborated on the third factor - the relationship of the cause of action to the contacts - to distinguish between specific and general jurisdiction. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's action within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.

**97 F.3d at 1102-03** (internal citations omitted).

4. In support of its motion, ADP submits the Affidavit of Eric Gangloff, Managing Member and Managing Director of Alternative Debt Portfolios, LLC ("ADP,LLC"), which is averred to be the general partner of Alternative Debt Portfolios, L.P. ("ADP, L.P."). Gangloff avers that ADP is in the business of buying chattel paper and servicing the accounts represented thereby. He avers that ADP has never transacted business in the State of Arkansas, has no real or tangible personal property here, has no bank account here, has never provided services or employed workers here, and is not qualified to conduct business here as a corporation.

Jones responds with the Affidavit of Randall D. Jones, D.D.S., stating that his patients are mostly Arkansas residents, and that, upon "information and belief," most of them use Arkansas bank accounts which are debited to pay the debts held by ADP. Jones further avers that ADP is "continuing collection efforts in Arkansas against the accounts" of his patients.

5. The specific averments of the parties focus the personal jurisdiction issue to the narrow question of whether receiving automated drafts from Arkansas bank accounts constitutes sufficient minimum contacts to confer personal jurisdiction over a nonresident entity. In **Mountaire Feeds, Inc. v. Agro Impex, S.A.**, **677 F.2d 651 (8th Cir. 1982)**, the Eighth Circuit held that neither entering a contract with a forum resident, nor the use of mail, telephone, rail, or banking services, would – standing alone – satisfy due process. Thus, to the extent that ADP is merely debiting bank accounts of Arkansas residents, the Court finds such activity does not confer personal jurisdiction over ADP.

6. The Court has also considered whether the averment that ADP is continuing "collection efforts" would support a prima facie showing of personal jurisdiction. While a plaintiff bears the ultimate burden of proof on the issue of personal jurisdiction, if the initial finding is made on the basis of affidavits, the Court must look at the facts in the light most favorable to the plaintiff. **Dakota Industries, Inc. v. Dakota Sportswear, Inc.**, **946 F.2d 1384, 1387 (8th Cir. 1991)**. The averment lends itself to an inference that ADP is using the Arkansas courts to collect delinquent accounts, which, if true, would constitute "some act by which [ADP] purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," **Burger King Corp. v.**

**Rudzewicz**, 471 U.S. 462, 475 (1985). However, the inference itself is not borne out by Jones' brief, nor, in the Court's view, would it be sufficient to confer jurisdiction even if it were. The filing of a collection action against an Arkansas resident would amount to purposeful direction of activity at a resident of this State, but it could not be said that Jones' injuries, if any, arose out of or was related to any such suit. That nexus is a requirement for jurisdiction based on purposefully directed activity, as outlined in **Burger King**. The conduct of ADP *vis a vis* Jones is not determined by whether ADP collected from its debtors by automatic withdrawal from their bank accounts, or by legal action against them.

7. Because the Court finds that it does not have personal jurisdiction over ADP, and because E-Z Pay is in bankruptcy and this suit cannot proceed against them without violating the automatic stay provisions of the Bankruptcy Code, the Court finds that the Complaint must be dismissed.

**IT IS THEREFORE ORDERED** that the **Motion To Dismiss Or, In The Alternative, To Transfer Venue By Alternative Debt Portfolios, LLC and Alternative Debt Portfolios, L.P.** (document #2) is **granted**, and this matter is **dismissed without prejudice**.

**IT IS SO ORDERED.**

                                            **/s/Jimm Larry Hendren**
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT COURT**